UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Mirapex Products Liability Litigation | 07-MD-1836 (JMR/FLN) |

This document relates to:

| | |
|---|---|
| Linda F. Mrus and Walter Mrus, | Civil No. 10-485 (JMR/FLN) |
|         Plaintiffs,<br>v.<br>Boehringer Ingelheim Pharmaceuticals, Inc., et al.,<br>        Defendants. | **ORDER & REPORT AND RECOMMENDATION** |

and

| | |
|---|---|
| Nilratan C. Javery and Susan Javery, | Civil No. 10-486 (JMR/FLN) |

        Plaintiffs,

v.

Boehringer Ingelheim Pharmaceuticals, Inc., et al.,

        Defendants.

___

H. Lee Thompson for Plaintiffs.
Scott A. Smith for Boehringer Ingelheim Pharmaceuticals, Inc.

___

**THIS MATTER** came before the undersigned United States Magistrate Judge on July 9, 2010 on Defendant Boehringer Ingelheim Pharmaceuticals, Inc.'s Motions to Dismiss for Failure to State a Claim (Fed. R. Civ. P. 12(b)(6)) [*Mrus* #8] [*Javery* #7] and Motions to Strike Late Filed Opposition Briefs and for Summary Disposition of Defendant's Pending Motions to Dismiss [*Mrus* #19] [*Javery* #18]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which

follow, this Court recommends the motions to dismiss be **GRANTED** and orders that the motions to strike are **DENIED**.

## I. BACKGROUND

Defendants manufacture pramiprexole, a prescription drug sold under the name "Mirapex," the use of which Plaintiffs allege is causally connected to compulsive behaviors such as gambling. Plaintiffs generally claim they were defrauded when Defendants deceived the Food and Drug Administration ("FDA"), health care providers, and patients about Mirapex's safety and its capacity to induce compulsive behavior. According to Plaintiffs, Defendants had notice that Mirapex caused compulsive gambling at least as early as November, 2004, but withheld this information from the FDA, doctors, and the public, and falsely denied any link between Mirapex and gambling. (Doc. No. 1, Compl.)

Among other theories advanced in their complaints, Plaintiffs, here, allege multiple fraud-related claims. The instant motion pertains only to those counts sounding in fraud. Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI") now moves to dismiss the following counts of Plaintiffs' complaints: Count VI: Negligent Misrepresentation; Count VII: Fraud Misrepresentation; Count VIII: Fraudulent Concealment; and Count IX: Civil Conspiracy to Defraud. (Compl.) The allegations contained within both the Javerys' and Mrus' complaints with respect to each of these counts are nearly identical. (Compl.)

## II. STANDARD OF REVIEW

In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. *In re Navarre Corp. Sec. Litig.*, 299

2

F.3d 735, 738 (8th Cir. 2002). Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and may not merely state legal conclusions. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must contain enough facts to state a claim for relief that is "plausible on its face," and a claim has facial plausibility only when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 570; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plausibility standard is not akin to a "probability requirement," but it calls for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 129 S. Ct. at 1949.

In sum, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Where the court finds that the facts alleged "do not permit the court to infer more than the mere possibility of misconduct," the pleader is not entitled to relief. *Id.*, citing Fed. R. Civ. P. 8(a)(2).

### III. DISCUSSION

In order to survive the motion to dismiss, Plaintiffs' fraud claims against Defendants must be facially plausible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The facts alleged must allow this Court to draw a reasonable inference that Defendants are liable to Plaintiffs for the misconduct alleged. *Id.* Here, the facts alleged, even if assumed to be true, do not permit the Court to reasonably infer Defendants' liability to Plaintiffs for fraud.

A.  **Particularity Requirement of Rule 9(b)**

Rule 9(b) of the Federal Rules of Civil Procedure requires that "the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). According to the Eighth Circuit Court of Appeals, the Rule means a party must plead "such matters as the time, place and contents of false representations, as well as the identity of the person making the representation and what was obtained or given up thereby." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (internal citations and quotations omitted). A plaintiff must ultimately plead the "who, what, where, when and how" of the fraud, because "conclusory allegations" will not suffice. *Id.* At the same time, Rule 9(b) is to be read "in harmony with the principles of notice pleading," so as to permit defendants to "respond specifically, at an early stage of the case, to potentially damaging allegations of immoral or criminal conduct." *Id.* Thus, the degree of particularity required in a given case depends on, among other things, the nature of the case and the relationship between the parties. *Id.*

Applying these standards, and relying upon the analysis previously set forth by the District Court in this multi-district litigation (07-CV-3654, Doc. No. 257, Order, Nov. 9, 2007), this Court finds Plaintiffs' complaints, standing alone, fail to plead fraud with sufficient particularity to meet the requirements of Rule 9(b) and survive a motion to dismiss.

B.  **The fraud-based claims must be dismissed for failure to state a claim.**

At present, the claims of fraud on Plaintiffs and their health care providers are insufficient to satisfy Rule 9(b). Plaintiffs merely allege that they took Mirapex when they, or their doctors, reasonably relied on Defendants' false representations denying any link between Mirapex and compulsive gambling. Specific statements or omissions are not cited, and neither is the person who relied upon them, nor whether the relying party was the prescribing physician or any of the plaintiffs. These discrepancies force Defendants to conjecture as to whether any

particular statements, omissions, or representations were relied upon. Defendants are unable to identify the specific representations and whether those representations were heard, seen, or relied upon at all. Absent compliance with Rule 9(b), therefore, Defendants cannot be expected to know the precise nature of the fraud to which they must respond.

Accordingly, BIPI's motion to dismiss Plaintiffs' fraud-based claims should be granted, but without prejudice. Plaintiffs should be granted leave to amend their complaints to specify Defendants' alleged misrepresentations to them and to their health care providers. The parties should be directed to meet and confer, in a joint effort to establish a mutually convenient schedule for such amendment.

To survive BIPI's motion to dismiss, Plaintiffs' complaints must contain sufficient factual matter that, if accepted as true, would state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), quoting *Twombly*, 550 U.S. 544, 570. The complaints have facial plausibility only if they contain factual allegations that allow the Court to draw the reasonable inference that Defendants are liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949, citing *Twombly*, 550 U.S. at 556. Since the facts alleged by Plaintiffs do not state the "circumstances constituting fraud" with particularity, Plaintiffs' complaints fail to assert valid claims sounding in fraud.

For the reasons articulated herein, the Court finds that, as to the claims of fraud upon Plaintiffs and their health care providers, BIPI's motion should be granted. Thus, the following counts of Plaintiffs' complaints must be dismissed: Count VI: Negligent Misrepresentation; Count VII: Fraud Misrepresentation; Count VIII: Fraudulent Concealment; and Count IX: Civil Conspiracy to Defraud. Plaintiffs, however, should be granted leave to amend their complaints in order to plead fraud with particularity.

IV. RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant BIPI's motions to dismiss be **GRANTED** as follows:

1) Defendant Boehringer Ingelheim Pharmaceuticals, Inc.'s Motion to Dismiss for Failure to State a Claim (Fed. R. Civ. P. 12(b)(6)) [*Mrus* #8] should be **GRANTED** and Counts VI, VII, VIII and IX of Plaintiffs' Complaint should be **DISMISSED without prejudice**. The Court further recommends that Plaintiffs be granted leave to amend their complaint.

2) Defendant Boehringer Ingelheim Pharmaceuticals, Inc.'s Motion to Dismiss for Failure to State a Claim (Fed. R. Civ. P. 12(b)(6)) [*Javery* #7] should be **GRANTED** and Counts VI, VII, VIII and IX of Plaintiffs' Complaint should be **DISMISSED without prejudice**. The Court further recommends that Plaintiffs be granted leave to amend their complaint.

## V. ORDER

Based upon all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant BIPI's motions to strike are **DENIED** as follows:

1) Defendant Boehringer Ingelheim Pharmaceuticals, Inc.'s Motion to Strike Late Filed Opposition Brief and for Summary Disposition of Defendant's Pending Motion to Dismiss [*Mrus* #19] is **DENIED**.

2) Defendant Boehringer Ingelheim Pharmaceuticals, Inc.'s Motion to Strike Late Filed Opposition Brief and for Summary Disposition of Defendant's Pending Motion to Dismiss [*Javery* #18] is **DENIED**.

DATED: August 3, 2010                *s/ Franklin L. Noel*
                                     FRANKLIN L. NOEL
                                     United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 18, 2010**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within 14 days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **August 18, 2010,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.